Filed 1/23/14  Ireland v. Schneider CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TERRY W. IRELAND, | H038334 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. CV163273) |
| v. | |
| STEPHEN SCHNEIDER, | |
| Defendant and Respondent. | |

## I.  INTRODUCTION

In 2010, appellant Terry W. Ireland brought a legal malpractice action against respondent Stephen Schneider, alleging that in 1986 Schneider negligently drafted a general partnership agreement for Ireland and three other partners.  The trial court granted Schneider's motion for summary judgment on the ground that the action was time-barred under Code of Civil Procedure section 340.6,[1] the statute of limitations applicable to an action for legal malpractice.

On appeal, Ireland contends that the trial court erred because the evidence shows that the limitations period was tolled since (1) Ireland had not sustained actual injury more than one year before the legal malpractice action was filed (§ 340.6, subd. (a)(1));

---

[1] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

and (2) Schneider had continued to represent Ireland with regard to the partnership agreement (§ 340.6, subd. (a)(2)).  Ireland also contends that Schneider should be estopped from asserting the affirmative defense of the statute of limitations due to statements Schneider made in a 2008 meeting with Ireland.  For the reasons stated below, we find no merit in Ireland's contentions and therefore we will affirm the judgment.

## II.  FACTUAL BACKGROUND

Our factual summary is drawn from the parties' separate statements of fact and the evidence they submitted in connection with the motion for summary judgment.

Schneider drafted a general partnership agreement for a partnership named the Stockton Avenue Investors.[2]  The partners of the Stockton Avenue Investors partnership included Ireland, James C. and Theresa Jones (husband and wife), and Pauline A. Real. The partnership agreement states that it was "entered into and effective as of September 8, 1986."

Exhibit A to the partnership agreement listed the partners' capital contributions. James and Theresa Jones contributed "[l]and and buildings located at 299 Stockton Avenue, San Jose, California, subject to existing liens and encumbrances and also subject to the account payable to the Collection Bureau of San Jose for construction and improvements to the building."  Ireland contributed $300,000 and Real contributed $6,250.  The partnership agreement did not specify a monetary value for the contribution of James and Theresa Jones.

On September 21, 2007, Theresa Jones, individually and as a representative of the Estate of James C. Jones, filed a declaratory relief action in Santa Clara County Superior Court in which she named Ireland and Real as defendants.  (*Jones v. Ireland* (Super. Ct.

---

[2]  Schneider stated in his declaration in support of the motion for summary judgment that he was retained by James Jones to prepare a draft of the Stockton Avenue Investors partnership agreement, but for purposes of the summary judgment motion only he does not contest that he represented Ireland in that matter.

2

Santa Clara County, 2009, No. 94818).) Jones alleged that an actual controversy existed regarding the parties' respective rights and obligations under the Stockton Avenue Investors general partnership agreement. In particular, Jones sought a declaration that after the partnership was dissolved and all partnership liabilities were paid, any remaining partnership assets would be distributed according to each partner's ownership interest. On October 30, 2007, Ireland responded to the declaratory relief action by filing an answer and a cross-complaint.

Thereafter, in "mid-2008," according to Ireland's declaration, he had a meeting with Schneider because he "was concerned at that time Schneider may have erred somehow in drafting the Partnership Agreement . . . ." During the meeting, Schneider "shook his head" to confirm Ireland's recollection that the net capital contribution of James and Theresa Jones "equaled zero." Schneider also "responded that this was his recollection of what the intent was between the partners. [Ireland] asked Schneider if he had the file and [Schneider] said that he was unsure but would look for it and get back to [Ireland]. . . . [¶] At the end of the meeting [Ireland] expressed concern about having to join [Schneider] as a Defendant in the Declaratory Relief Action and [Schneider] stated to [Ireland] that it would not be necessary as [Schneider] had properly prepared the Partnership Agreement."

A court trial on Jones's amended declaratory relief complaint and Ireland's amended cross-complaint in *Jones v. Ireland*, *supra*, No. 94818 was held in December 2008. In its April 8, 2009 statement of decision, the trial court stated that "[t]he parties dispute the amount each invested as 'capital' into the partnership and, therefore, how much each partner is owed upon dissolution of the partnership." Among other things, the court found that the monetary value of Jones's capital contribution was $318,750.

The stipulated judgment entered on May 12, 2009,[3] dissolved the Stockton Avenue Investors partnership, set forth the manner in which any balances in partnership bank accounts would be distributed, ordered that Ireland and Real take nothing by their second amended cross-complaint, and awarded attorney fees and costs to Jones as the prevailing party in the amount of $200,000.  (*Jones v. Ireland*, *supra*, No. 94818.)

## III.  PROCEDURAL BACKGROUND

### A.  *The Pleadings*

On February 8, 2010, Ireland filed a legal malpractice action against Schneider.  In the complaint's sole cause of action, Ireland alleged that Schneider was negligent in "failing to investigate, analyze, assess, and research the fact that no exact monetary value was placed in the [Stockton Avenue Investors] Agreement regarding the Jones Capital Contribution and that the [Stockton Avenue Investors] Agreement was ambiguous." Ireland further alleged that Schneider was "negligent and breached of the standard of care in the matters entrusted to [him] and failed to act competently regarding, among other things, failing to provide legal advice and draft and prepare documentation which accurately set forth a monetary value to the Jones Capital Contribution, which [Ireland] at all times believed was zero and which documentation was found to be ambiguous."

The affirmative defenses in Schneider's answer to the complaint included the allegation that the complaint was time-barred under the applicable statutes of limitation, included section 340.6.[4]

---

[3]  On our own motion, we take judicial notice of the May 12, 2009 amended stipulated judgment in *Jones v. Ireland*, *supra*, No. 94818.  (Evid. Code, § 452, subd. (d)(1).)

[4]  Section 340.6 provides in part:  "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . .  Except for a claim for which the plaintiff is required to establish his or

4

**B.** *The Motion for Summary Judgment*

Schneider moved for summary judgment on the ground that the legal malpractice action was time-barred under the four-year and one-year limitations periods provided by section 340.6.

Schneider argued that the four-year limitations period (§ 340.6, subd. (a)), which runs from the date of the alleged wrongful act, had expired before the legal malpractice action was filed because Ireland alleged that Schneider had negligently drafted the Stockton Avenue Investors partnership agreement in 1986, nearly 24 years before the legal malpractice action was filed in 2010.

Schneider also argued that the legal malpractice action was barred under the one-year limitations period (§ 340.6, subd. (a)), which begins to run when the plaintiff discovers or with due diligence should have discovered the facts constituting the defendant attorney's alleged wrongful act or omission. Schneider asserted that Ireland became aware that there was a dispute as to the amount of each partner's capital contribution to the Stockton Avenue Investors partnership, allegedly due to Schneider's negligence in preparing the partnership agreement, in 2007 when Theresa Jones filed the declaratory relief action in *Jones v. Ireland*, *supra*, No. 94818 and Ireland answered the complaint. Schneider therefore contended that the legal malpractice action should have been filed no later than October 30, 2008, which is one year after Ireland filed his answer on October 30, 2007.

Alternatively, Schneider argued that the section 340.6 limitations period was tolled only until November 2, 2007, pursuant to section 340.6, subdivision (a)(1), which

her factual innocence, in no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury. [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."

provides that the limitations period in a legal malpractice action is tolled until the plaintiff has sustained actual injury.  Relying on the decision in *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739 (*Jordache*) for the proposition that the plaintiff in a legal malpractice action sustains actual injury when the plaintiff incurs attorney's fees in defending or prosecuting the underlying action, Schneider argued that the evidence shows that Ireland sustained actual injury on November 2, 2007, when Ireland made an initial payment of $2,750 to his attorney for defending him in *Jones v. Ireland*, *supra*, No. 94818 and prosecuting Ireland's cross-complaint.  Schneider accordingly argued that Ireland's legal malpractice complaint should have been filed on or before November 2, 2008, well before the complaint was actually filed in February 2010.  Anticipating Ireland's response, Schneider further argued that under *Jordache*, the potential for reimbursement of the attorney's fees paid by Ireland if he ultimately prevailed in *Jones v. Ireland*, *supra*, No. 94818 did not alter the date that Ireland had sustained actual injury.

### C.  *Opposition to the Motion for Summary Judgment*

Ireland argued that the motion for summary judgment should be denied for three reasons.  First, Ireland contended that he did not sustain actual injury as a result of Schneider's alleged professional negligence until the trial court ruled against him in 2009 in *Jones v. Ireland*, *supra*, No. 94818, because the outcome of the litigation was uncertain and had to conclude adversely to him before he could be damaged.

Second, Ireland contended that the section 340.6, subdivision (a) statute of limitations was tolled because Schneider represented him "from the time he drafted the [partnership] agreement and thereafter, to the time he spoke with Ireland and advised him about the agreement and its meaning and presumably thereafter.  There was never any claim that the relationship ended at any given time."  In his declaration, Ireland stated:  "I met with Schneider at his office in Los Gatos sometime in mid 2008. . . .  I commenced the discussion at the meeting by bringing Schneider up to speed about the current lawsuit

6

and the issue about the interpretation of the Partnership Agreement that he drafted on behalf of [Stockton Avenue Investors] and its partners. [¶] . . . I told Schneider that I was astounded at the interpretation of the Partnership Agreement that [Theresa Jones] was asserting in the Declaratory Relief Action . . . . I wanted Schneider to confirm that I was not missing something in my interpretation of the Partnership Agreement . . . . I was concerned at that time Schneider may have erred somehow in drafting the Partnership Agreement . . . . ¶ . . . I asked Schneider if he had the file and he said that he was unsure but would look for it and get back to me. Schneider did not get back to me."

Finally, Ireland argued that Schneider had failed to show that he was not equitably estopped from asserting the affirmative defense of the statute of limitations. Ireland explained that "[w]hen he was alerted to a potential claim that the [partnership] agreement was not what he thought it was, he went to the lawyer who drafted it and sought the lawyer's advice. In response, the lawyer told him he was on solid ground, he need not sue and had nothing to worry about."

**D.** *Reply*

Schneider replied that the authorities relied upon by Ireland for his argument that he did not sustain actual injury until the trial court ruled against him in *Jones v. Ireland*, *supra*, No. 94818 did not support that argument. Schneider reiterated that under *Jordache*, *supra*, 18 Cal.4th 739, Ireland sustained actual injury when he incurred attorney fees and costs in litigating the underlying case of *Jones v. Ireland*, *supra*, No. 94818. He explained that Ireland claimed that he was negligent in failing to specify a monetary value for Jones's capital contribution in the partnership agreement, and the value of that contribution was the primary issue litigated in *Jones v. Ireland*, *supra*, No. 94818.

Schneider also rejected Ireland's contention that the statute of limitations was tolled pursuant to section 340.6, subdivision (a)(2), which provides that the limitations period is tolled during the period that "[t]he attorney continues to represent the plaintiff

7

regarding the specific subject matter in which the alleged wrongful act or omission occurred." Schneider asserted that "[s]ince the [partnership] Agreement was drafted in 1986, and no further contact occurred between [Ireland] and [Schneider] for 22 years, consisting of one meeting, after which no work was performed by [Schneider] relating to drafting of the Agreement, the objective facts establish that there was no continuing representation."

As to Ireland's contention that Schneider was equitably estopped from asserting a statute of limitations defense, Schneider argued that Ireland should be judicially estopped from asserting equitable estoppel because he had asserted inconsistent positions regarding his understanding of the value of James and Theresa Jones's capital contribution.

## E. *The Trial Court's Order*

In its order filed on November 2, 2011, the trial court granted the summary judgment motion. The court determined that there was no triable issue of material fact with respect to the expiration of the section 340.6 statute of limitations because it was undisputed that (1) Ireland had actual or constructive notice of the facts constituting Schneider's alleged wrongful act or omission when Theresa Jones's declaratory relief action (*Jones v. Ireland*, *supra*, No. 94818) was filed on September 27, 2007, which triggered the one-year limitations period; (2) the one-year limitations period was tolled until November 2, 2007, when Ireland incurred attorney's fees for his defense in *Jones v. Ireland*, *supra*, No. 94818 and thereby sustained an actual injury; and (3) Ireland failed to submit any evidence to show that Schneider continued to represent him after their mid-2008 meeting. The court also determined that there was no triable issue regarding equitable estoppel because Ireland had "failed to provide sufficient evidence establishing the elements of equitable estoppel," since Schneider's statement that he had properly prepared the partnership agreement and it would not be necessary to sue him was a statement of opinion.

8

Judgment in Schneider's favor was entered in March 2012.  Ireland filed a timely notice of appeal.

## IV.  DISCUSSION

On appeal, Ireland contends that the trial court erred in granting the motion for summary judgment because evidence shows that the section 340.6 limitations period was tolled since Ireland did not sustain actual injury (§ 340.6, subd. (a)(1)) until the litigation concluded in the underlying action, *Jones v. Ireland*, *supra*, No. 94818, and Schneider had continued to represent Ireland with regard to the partnership agreement (§ 340.6, subd. (a)(2)).  Ireland also contends that Schneider is equitably estopped from asserting the affirmative defense of the statute of limitations due to certain statements that Schneider made during the 2008 meeting with Ireland.  Before addressing Ireland's contentions, we will outline the standard of review for an order granting a motion for summary judgment.

### A.  *The Standard of Review*

The standard of review for an order granting a motion for summary judgment is de novo.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).)  The trial court's stated reasons for granting summary judgment are not binding on the reviewing court, "which reviews the trial court's ruling, not its rationale.  [Citation.]" (*Ramalingam v. Thompson* (2007) 151 Cal.App.4th 491, 498.)

In performing our independent review, we apply the same three-step process as the trial court.  "Because summary judgment is defined by the material allegations in the pleadings, we first look to the pleadings to identify the elements of the causes of action for which relief is sought."  (*Baptist v. Robinson* (2006) 143 Cal.App.4th 151, 159 (*Baptist*).)

"We then examine the moving party's motion, including the evidence offered in support of the motion."  (*Baptist*, *supra*, 143 Cal.App.4th at p. 159.)  A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit

9

because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (§ 437c, subd. (o); *Aguilar, supra*, 25 Cal.4th at p. 850.)

If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied. However, if the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 849.)

In determining whether the parties have met their respective burdens, "the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar, supra*, 25 Cal.4th at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id.* at p. 850, fn. omitted.) Thus, a party " 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact. [Citation.]' [Citation.]" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145.)

Keeping the standard of review in mind, we turn to the merits of Schneider's motion for summary judgment on the ground that Ireland's legal malpractice action is time-barred under section 340.6.

## B. *Actual Injury*

Ireland reiterates his contention below that he did not sustain actual injury that triggered the one-year statute of limitations provided by section 340.6 when he incurred attorney's fees in defending and prosecuting the litigation in the underlying action, *Jones v. Ireland, supra*, No. 94818. He maintains that actual injury within the meaning of

10

section 340.6 could not occur while the litigation in *Jones v. Ireland*, *supra*, No. 94818 was pending and had the potential to be resolved in his favor. Additionally, Ireland argues that the date of actual injury is a question of fact that cannot be resolved on summary judgment.

Schneider responds that the California Supreme Court in *Jordache*, *supra*, 18 Cal.4th 739 ruled that actual injury sufficient to trigger the section 340.6 one-year limitations period occurs when the plaintiff incurs attorney's fees in prosecuting or defending the underlying case, and does not require waiting until the case is resolved. Since it is undisputed that on November 2, 2007, Ireland made an initial payment of attorney's fees for the preparation of his answer and cross-complaint in the underlying case of *Jones v. Ireland*, *supra*, No. 94818, Schneider argues that Ireland sustained actual injury on November 2, 2007. According to Schneider, since the one-year statute of limitations therefore expired on November 2, 2008, the legal malpractice complaint was untimely filed in 2010.

To resolve the issue, we first examine the pertinent statutory language. Section 340.6, subdivision (a)(1) provides: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission. . . . Except for a claim for which the plaintiff is required to establish his or her factual innocence, in no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] . . . The plaintiff has not sustained actual injury." Thus, where the plaintiff has discovered the facts constituting the attorney's wrongful act or omission but has not sustained actual injury, under section 340.6, subdivision (a)(1) the one-year limitations period is tolled. (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 110-111 (*Truong*).)

11

Ireland does not dispute that he became aware in 2007, due to the 2007 filing of the declaratory relief action in *Jones v. Ireland*, *supra*, No. 94818 and his 2007 answer and cross-complaint, that there was a controversy regarding the monetary value of James and Theresa Jones's capital contribution to the Stockton Avenue Investors partnership because the monetary value was not expressly stated in the partnership agreement prepared by Schneider. Under section 340.6, subdivision (a), the one-year limitations period for filing a legal malpractice action therefore began to run in 2007 because that is when Ireland discovered Schneider's alleged wrongful act or omission in drafting the partnership agreement. Unless a tolling provision applies, Ireland's legal malpractice action against Schneider was untimely filed in 2010, which is more than one year after the 2007 filings.

In *Jordache*, the California Supreme Court construed the actual injury tolling provision set forth in section 340.6, subdivision (a)(1). The court ruled that "[t]he test for actual injury under section 340.6 . . . is whether the plaintiff has sustained any damages compensable in an action, other than one for actual fraud, against an attorney for a wrongful act or omission arising in the performance of professional services." (*Jordache*, *supra*, 18 Cal.4th at p. 751.) The court also noted "the established rule that attorney fees incurred as a direct result of another's tort are recoverable damages. [Citations.]" (*Ibid.*)

More recently, the California Supreme Court reiterated the *Jordache* test for actual injury and stated that "[i]n particular, recoverable damages include 'the expense of retaining another attorney' when reasonably necessary to 'attempt to avoid or minimize the consequences of the former attorney's negligence.' [Citation.] ['A client may incur attorneys' fees and litigation expenses in attempting to avoid, minimize, or reduce the damage caused by attorneys' wrongful conduct'].)" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 826 (*Oasis West*).)

The California Supreme Court has also instructed that with regard to the determination of actual injury, "[t]he facts of each case must be examined in light of the

specific attorney errors the plaintiff in each case alleges." (*Jordache*, *supra*, 18 Cal.4th at p. 763.) It is therefore ordinarily a question of fact as to when "the plaintiff has 'sustained actual injury' that ends tolling under section 340.6, subdivision (a)(1)." (*Id.* at p. 764.) However, "[w]hen the material facts are undisputed, the trial court can resolve the question as a matter of law according to the principles governing summary judgment. [Citations.]" (*Ibid.*)

Applying these rules, the *Jordache* court concluded as a matter of law that actual injury had occurred when the plaintiff, Jordache Enterprises, Inc., expended attorney's fees and costs in defending a lawsuit because the defendant law firm had neglected to investigate whether there was any potential for insurance coverage that might trigger the insurer's duty to defend. (*Jordache*, *supra*, 18 Cal.4th at pp. 744-745, 751-753.) The court rejected the defendant law firm's contention that actual injury could not occur until there was "some form of adjudication, judgment, or settlement" of the underlying action. (*Id.* at p. 755.)

The *Jordache* court also overruled its prior decision in *ITT Small Business Finance Corp. v. Niles* (1994) 9 Cal.4th 245, which had held that " '[I]n transactional legal malpractice cases, when the adequacy of the documentation is the subject of dispute, an action for attorney malpractice accrues on entry of adverse judgment, settlement, or dismissal of the underlying action.' " (*Jordache*, *supra*, 18 Cal.4th at p. 763.) The *Jordache* court stated that "the rule that applies when a plaintiff sustains actual injury from malpractice in transactional matters cannot differ from the rule that applies when claims involve other areas of legal advice and services. The resolution of litigation related to alleged malpractice may or may not mark the point at which a plaintiff first sustains actual injury under section 340.6. The statutory scheme cannot accommodate a peremptory rule that declares otherwise. " (*Ibid;* see also *Truong*, *supra*, 181 Cal.App.4th at p. 114 [the plaintiffs first sustained injury when they obtained and

13

paid new counsel to escape the consequences of a lease that they allegedly signed due to the defendant attorney's malpractice].)

In the present case, the undisputed facts show the following. In the underlying action of *Jones v. Ireland*, *supra*, No. 94818, one of the issues was the monetary value of James and Theresa Jones's capital contribution to the Stockton Avenue Investors partnership, since the partnership agreement drafted by Schneider did not specify a monetary value for their contribution. On November 2, 2007, Ireland incurred attorney's fees when he paid new counsel to file his answer and cross-complaint in *Jones v. Ireland, supra,* No. 94818. He therefore incurred attorney's fees "in attempting to avoid, minimize, or reduce the damage caused by" Schneider's alleged wrongful conduct in drafting the partnership agreement. (See *Oasis West*, *supra*, 51 Cal.4th at p. 826.) We therefore determine as a matter of law under *Jordache* that Ireland first sustained actual injury within the meaning of section 340.6, subdivision (a)(1) on November 2, 2007, when he made his first payment of attorney's fees in connection with the litigation of *Jones v. Ireland*, *supra*, No. 94818.

Under section 340.6, subdivision (a), therefore, Ireland's legal malpractice action was untimely filed in 2010 more than one year after he first sustained actual injury in 2007, unless another tolling provision applies. We next consider Ireland's alternative contention that the statute of limitations was also tolled under the continuous representation provision of section 340.6, subdivision (a)(2).

## C. *Continuous Representation*

Section 340.6, subdivision (a)(2) provides that "in no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that . . . [¶] . . . [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."

14

Ireland contends that Schneider failed to establish in his motion for summary judgment that they did not have a continuous relationship. He asserts that "the evidence shows that when Ireland and Schneider met to discuss [Theresa] Jones' complaint the meeting ended with a promise from Schneider to get back with Ireland. [Citation.] Hence, Schneider continued to represent Ireland after that meeting." We understand Ireland to argue that there is a triable issue of material fact with respect to Schneider's continuing representation that precludes summary judgment.

Schneider disagrees. He argues that the trial court properly determined that Ireland failed to raise a triable issue of material fact as to whether Schneider continued to represent him because Ireland did not submit any evidence of continuous representation after their mid-2008 meeting. Relying on *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217 (*Foxborough*), Schneider asserts that the lengthy period of time in which Ireland and Schneider had no contact—22 years—shows an absence of any activities that could constitute continuous representation. Their mid-2008 meeting, according to Schneider, is insufficient to show continuing representation because no further contact occurred. Since their last contact occurred in 2008, more than one year before the legal malpractice complaint was filed in 2010, Schneider asserts that the action is time-barred under section 340.6, subdivision (a).

Thus, the issue on appeal is whether Schneider established as a matter of law that his representation of Ireland with respect to the Stockton Avenue Investors partnership agreement ceased more than one year before Ireland filed his legal malpractice complaint. (See *Worthington v. Rusconi* (1994) 29 Cal.App.4th 1488, 1494-1495 (*Worthington*).) We will resolve the issue by applying the standard for determining when an attorney's representation of a client is continuous within the meaning of section 340.6, subdivision (a)(2) to the undisputed facts.

"Under California law, the statute of limitations for attorney malpractice claims arising from a given matter is tolled for the duration of the attorney's representation of

the client in that matter.  ([§] 340.6, subd. (a)(2).)" (*Beal Bank v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 505.)  "The purpose of this 'continuous representation' rule, the Supreme Court observed in *Laird v. Blacker* (1992) 2 Cal.4th 606[], is to ' "avoid the disruption of an attorney-client relationship by a lawsuit while enabling the attorney to correct or minimize an apparent error, and to prevent an attorney from defeating a malpractice cause of action by continuing to represent the client until the statutory period has expired." '  [Citation.]" (*Worthington*, *supra*, 29 Cal.App.4th at p. 1495.)

Section 340.6 does not expressly define continuous representation.  In *Worthington*, *supra*, 29 Cal.App.4th 1488, this court determined that " '[o]rdinarily, an attorney's representation is not complete until the agreed tasks or events have occurred, the client consents to termination or a court grants an application by counsel for withdrawal.' [Citation].  'The rule is that, for purposes of the statute of limitations, the attorney's representation is concluded when the parties so agree, and that result does not depend upon formal termination, such as withdrawing as counsel of record.' [Citations.]" (*Id*. at p. 1497.)  This court further determined in *Worthington* that the standard for determining when an attorney's representation has ended is an objective standard.  (*Ibid*.) "Continuity of representation ultimately depends, not on the client's subjective beliefs, but rather on evidence of an ongoing *mutual* relationship and of activities in furtherance of the relationship." (*Id*. at p. 1498.)

Continuous representation in the context of an attorney's preparation of a transactional document was addressed in *Fritz v. Ehrmann* (2006) 136 Cal.App.4th 1374 (*Fritz*), in which the court stated that "[t]he first impulse of a client who learns about a problem in a transactional document prepared by his or her attorney is to return to the attorney for an explanation or a fix." (*Id.* at p. 1390.)  The appellate court determined that "by 'continues to represent' the Legislature meant that the statute of limitations for legal malpractice is tolled as long as the attorney 'continues to represent' a client who comes to him or her after the potential malpractice manifests itself and before the statute

16

of limitations has run in an attempt to rectify the problem or mitigate damages." (*Id*. at p. 1391.) The defendant attorney in *Fritz* had prepared a promissory note for the plaintiffs and later represented them in the lawsuit arising from the note until he was replaced by new counsel. Seven months later, the plaintiffs filed their legal malpractice action. The appellate court ruled that the section 340.6 statute of limitations was tolled during the period that the defendant attorney represented the plaintiffs with respect to the promissory note dispute, and therefore the legal malpractice action was timely filed. (*Ibid*.)

The undisputed facts in the present case are distinguishable. In 1986, the Stockton Avenue Investors partners executed the general partnership agreement prepared by Schneider. In 2007, approximately 22 years later, Theresa Jones filed a declaratory relief action in which the monetary value of the capital contribution made by her and her husband James Jones was at issue because the partnership agreement did not specify a monetary value. There is no evidence of any contact between Ireland and Schneider regarding the partnership agreement from 1986 until 2008.

In mid-2008, according to Ireland's declaration, Ireland had a meeting with Schneider because he "was concerned at that time Schneider may have erred somehow in drafting the Partnership Agreement . . . ." During the meeting, Schneider "shook his head" to confirm Ireland's recollection that the net capital contribution of James and Theresa Jones "equaled zero." Schneider also "responded that this was his recollection of what the intent was between the partners. [Ireland] asked Schneider if he had the file and [Schneider] said that he was unsure but would look for it and get back to [Ireland]." Ireland further states in his declaration, "Schneider did not get back to me." There is no evidence that Ireland ever contacted Schneider to follow up on his file request, nor is there evidence of any further contact between Schneider and Ireland after 2008.

We determine that these undisputed facts regarding the contact between Ireland and Schneider show as a matter of law that Schneider's representation of Ireland with

17

respect to the Stockton Avenue Investors partnership agreement ceased more than one year before Ireland filed his legal malpractice complaint in 2010. It has been held that "in the event of an attorney's unilateral withdrawal or abandonment of the client, the representation ends *when the client actually has or reasonably should have no expectation that the attorney will provide further legal services.* [Citations.] That may occur upon the attorney's express notification to the client that the attorney will perform no further services, or, **if the attorney remains silent, may be inferred from the circumstances**. *Absent actual notice to the client that the attorney will perform no further legal services or circumstances that reasonably should cause the client to so conclude,* a client should be entitled to rely on an attorney to perform the agreed services and should not be required to interrupt the attorney-client relationship by filing a malpractice complaint. *After a client has no reasonable expectation that the attorney will provide further legal services,* however, the client is no longer hindered by a potential disruption of the attorney-client relationship and no longer relies on the attorney's continuing representation, so the tolling should end." (*Laclette v. Galindo* (2010) 184 Cal.App.4th 919, 928 (*Laclette*), boldface added; see also *Foxborough*, *supra*, 26 Cal.App.4th at p. 229 [lack of contact with client for two years and retention of new counsel demonstrated a lack of continuing representation by attorney].)

Here, it is undisputed that Schneider was silent after the 2008 meeting with Ireland regarding the partnership agreement. Although Ireland states in his declaration that during the meeting he asked Schneider if he had the file and Schneider said that he would get back to him, this evidence is insufficient to create a triable issue of material fact regarding continuous representation. (See *Worthington*, *supra*, 29 Cal.App.4th at pp. 1494-1495.) To the contrary, it may be reasonably inferred from Schneider's silence after the 2008 meeting, and Ireland's subsequent failure to contact him to follow up on his file request, that Ireland had no reasonable expectation that Schneider would provide further legal services after 2008. (See *Laclette*, *supra*, 184 Cal.App.4th at p. 928.)

18

Moreover, there is no evidence after 2008 of "an ongoing *mutual* relationship and of activities in furtherance of the relationship." (*Worthington*, *supra*, 28 Cal.App.4th at p. 1498.)

Accordingly, we determine as a matter of law that tolling under the continuous representation provision of section 340.6, subdivision (a)(2) ended in 2008 and therefore, as a matter of law, the legal malpractice action was untimely filed in 2010, more than one year later.

### D. *Equitable Estoppel*

Finally, Ireland contends that the trial court erred in weighing the evidence and finding that there was insufficient evidence to establish that Schneider should be equitably estopped from asserting a statute of limitations defense. Ireland also contends that the trial court erred in finding that Schneider's statements during the 2008 meeting were opinion and not a statement of fact by an expert. According to Ireland, the evidence showed that Schneider's statements induced him "to refrain from taking action."

Schneider argues, on the other hand, that Ireland failed to establish equitable estoppel. In Schneider's view, Ireland failed to show that he relied on Schneider's statements during their 2008 meeting in refraining from filing a timely legal malpractice action. Schneider also argues that the trial court did not weigh the evidence and determined only that Schneider's statements constituted opinion, which is insufficient for equitable estoppel. In addition, Schneider maintains that Ireland is judicially estopped from arguing equitable estoppel because he made statements in the underlying case regarding the value of the Jones's capital contribution, which he contradicted in his declaration in opposition to the motion for summary judgment. Since Schneider believes that Ireland's declaration was "falsified," Schneider argues that the declaration should be disregarded.

The rules governing the application of equitable estoppel are well established. " ' "Equitable estoppel . . . comes into play only after the limitations period has run and

19

addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his [or her] conduct has induced another into forbearing suit within the applicable limitations period. [Equitable estoppel] is wholly independent of the limitations period itself and takes its life . . . from the equitable principle that no man [or woman] [may] profit from his [or her] own wrongdoing in a court of justice." ' [Citations.]" (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383 (*Lantzy*).)

Thus, " ' " '[w]here the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him [or her] as a defense.' " ' [Citations.]" (*Lantzy*, *supra*, 31 Cal.4th at p. 384, fn. omitted; see also Evid. Code, § 623.) However, "[t]he defendant's statement or conduct must amount to a misrepresentation bearing on the *necessity* of bringing a timely suit; the defendant's mere denial of *legal liability* does not set up an estoppel. [Citations.]" (*Ibid.,* fn. 18; see also *May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1337-1339 [for equitable estoppel, the defendant's representation must generally be a statement of fact].)

The decision in *Lantzy* involved a construction defect action in which the issue was whether the plaintiff homeowners' complaint had adequately pleaded the elements of equitable estoppel. The plaintiffs alleged that the defendant developer should be equitably estopped from asserting a statute of limitations defense because the defendant had advised the plaintiffs " 'that the windows were not defective and not to file a lawsuit.' " (*Lantz, supra,* 31 Cal.4th. at p. 385.) The California Supreme Court ruled that these allegations were insufficient. "[T]o the extent defendants' alleged advice that the windows were not defective, and that a lawsuit should not be filed, was a mere *denial of defendants' liability,* rather than a *representation of fact,* it was insufficient to establish an estoppel to assert the statute of limitations. [Citation.]" (*Ibid.*, fn. 20.) The court also found that "plaintiffs have pled no facts indicating that defendants' conduct directly prevented them from filing their suit on time." (*Id.* at p. 385.)

The present case is similar to *Lantzy*. Ireland's equitable estoppel argument is based on his recollections of his 2008 meeting with Schneider regarding the partnership agreement, as stated in his declaration: "At the end of the meeting [Ireland] expressed concern about having to join [Schneider] as a Defendant in the Declaratory Relief Action and [Schneider] stated to [Ireland] that it would not be necessary as [Schneider] had properly prepared the Partnership Agreement." We agree with the trial court that this evidence is insufficient to create a triable issue of material fact regarding whether Schneider is estopped from asserting the statute of limitations. As in *Lantzy*, Schneider's advice constituted a mere denial of his liability, rather than a representation of fact. (See *Lantzy*, *supra*, 31 Cal.4th at p. 385, fn. 20.)

Moreover, Ireland has presented no evidence to show that Schneider's conduct directly prevented him from timely filing his legal malpractice action. (See *Lantzy*, *supra*, 31 Cal.4th at p. 385.) Ireland only stated in his declaration, "I felt confident in leaving Schneider's office on the day of our meeting that Schneider had properly drafted the Partnership Agreement as [the partners] intended and that Schneider did not commit any errors in drafting the Partnership Agreement as it was intended. . . . Had Schneider led me to believe otherwise, I would have consulted counsel in regards to potential action against Schneider at that time." Again, Ireland's evidence does not show that Schneider made any misrepresentation of fact that directly prevented Ireland from timely filing his legal malpractice action.

For these reasons, we find no merit in Ireland's contention that the trial court erred in determining that there was no triable issue of material fact with respect to equitable estoppel and in granting Schneider's motion for summary judgment. We will therefore affirm the judgment.

21

## V.  DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

22